**United States Bankruptcy Court**
**Northern District of Florida**

In re    **TIFCO ENTERPRISES, INC**              Case No.  14-50424
         Debtor(s)                               Chapter   11

# PLAN OF REORGANIZATION
## ARTICLE I
## SUMMARY

This Plan of Reorganization (the "Plan") under Chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of **TIFCO ENTERPRISES, INC**, (the "Debtor") from cash flow from operations.

This Plan provides for **10** class of secured claims; **2** classes of unsecured claims; and **0** classes of equity security holders. Unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately 100% on the dollar. This Plan also provides for the payment of administrative and priority claims in full on the effective date of this Plan.

All creditors and equity security holders should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

## ARTICLE II
## CLASSIFICATION OF CLAIMS AND INTERESTS

2.01    Class 1. All allowed claims entitled to priority under §507 of the Code (except administrative expense claims under § 507(a)(2), and priority tax claims under § 507(a)(8)).

2.02    Class 2. The Claim of Ameris Bank (184-1), to the extent allowed as a secured claim under § 506 of the Code.

2.03    Class 3. The Claim of Ameris Bank (183-1), to the extent allowed as a secured claim under § 506 of the Code.

2.04.   Class 4. The claim of Appalachee Regional Planning Council, to the extent allowed as a secured claim under § 506 of the Code.

2.05    Class 5. The Claim of Gulf County Tax Collector, to the extent allowed as a secured claim under § 506 of the Code.

1

2.06   Class 6. The claim of Insulation Distributors, Inc., to the extent allowed as a secured claim under § 506 of the Code.

2.07   Class 7. The claim of Insulation Distributors, Inc., to the extent allowed as a secured claim under § 506 of the Code on a mortgage recorded OR 494 PAGE 104, et.sq. of the Public Records of Gulf County, FL.

2.08   Class 8. The claim of Insulation Distributors, Inc., to the extent allowed as a secured claim under § 506 of the Code, the Debtor's mortgage shows a debt of $61,689.12; and is recorded OR 520 PAGE 221, et.sq. of the Public Records of Gulf County, FL.

2.09   Class 9. The claim of On Deck, to the extent allowed as a secured claim under §506 of the Code.

2.10   Class 10. The claim of Wayne Dalton, a Division of Overhead Door Corporation to the extent allowed as a secured claim under §506 of the Code.

2.11   Class 11. The allowed claim of ThermaSeal, USA for spray foam purchased weekly in the ordinary course of business.

2.12   Class 12. All unsecured claims allowed under §502 of the Code over $2,000.00.

2.13   Class 13. All unsecured claims allowed under § 502 of the Code less than $2,000.00.

2.14   Class 14. Chaka Monchere Dixon, individually and as next friend of Xzavier Latrez Dixon, a minor and Xanlyah Cereniti Tru Dixon, a minor and Jaketra Bonner, individually and as mother and next friend of Ny'gel Jarreall Malichi, a minor.

## ARTICLE III
## TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, U.S. TRUSTEE'S FEES, AND PRIORITY TAX CLAIMS

3.01   Unclassified Claims.   Under section §1123(a)(1), administrative expense claims, and priority tax claims are not in classes.

3.02   Administrative Expense Claims.   Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the effective date of this Plan (as defined in Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

3.03   Priority Tax Claims.   Each holder of a priority tax claim will be paid in full on the effective date of this Plan.   There are no priority tax claims known to the Debtor.

3.04   United States Trustee Fees.   All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

## ARTICLE IV
## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.01　Claims and interests shall be treated as follows under this Plan:

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 - Priority Claims | Unimpaired | Class 1 is unimpaired by this Plan, and each holder of a Class 1 Priority Claim will be paid, in full, in cash, upon the later of the effective date of this Plan as defined in Article VII, or the date on which such claim is allowed by a final non-appealable order. |
| Class 2 – Ameris Bank (184-1) | Impaired | The allowed secured claim of Class 2 creditor; Ameris Bank (184-1) holds a first mortgage on the property which is valued at $333,249.00 according to the Gulf County Tax Assessor. Ameris Bank as a secured claim in the approximate amount of $299,169.76 with no pre-petition arrearage. The debt is evidenced by a mortgage recorded in O.R. Book 452 pages 351, et. seq., of the Public Records of Gulf County, FL. The note and mortgage shall be modified to reflect a new note amount in the amount due as of the date of filing which shall be repaid at 5.25% interest over a term of 20 years commencing on the effective date of confirmation with payments of principal and interest commencing 30 days thereafter in the amount of $2,015.94 per month, or commencing upon the commencement of adequate protection payments. All adequate protection payments shall be credited to the principal and interest payments as restructured. |
| Class 3 – Ameris Bank (183-1) | Impaired | The allowed secured claim of Class 3 creditor; Ameris Bank (183-1) holds a first mortgage on the property which is valued at $333,249.00 according to the Gulf County Tax Assessor. Ameris Bank as a secured claim in the approximate amount of $25,000.00 with no pre-petition arrearage. The debt is evidenced by a mortgage recorded in O.R. Book 452 pages 524, et. seq., of the Public Records of Gulf County, FL. The note and mortgage shall be modified to reflect a new note amount in the amount due as of the date of filing which shall be repaid at 5.25% interest over a term of 20 years commencing on the effective date of confirmation with payments of principal and interest commencing 30 days thereafter in the amount of $268.23 per month, or commencing upon the commencement of adequate protection payments. All adequate protection payments shall be credited to the principal and interest payments as restructured. |

| | | |
|---|---|---|
| Class 4 – Appalachee Regional Planning Council | Impaired | The allowed secured claim of Class 4 creditor; Appalachee Regional Planning Council holds a security interest on the Debtor's inventory, equipment and receivables. The secured claim is in the approximate amount of $73,074.53 with no pre-petition arrearage. The debt is evidenced by a UCC-1 Financing Statement filed with the Secretary of State. The note and security agreement shall be modified to reflect a new note amount in the amount due as of the date of filing which shall be repaid at 5.25% interest over a term of 6 years commencing on the effective date of confirmation with payments of principal and interest commencing 30 days thereafter in the amount of $1,185.35 per month, or commencing upon the commencement of adequate protection payments. All adequate protection payments shall be credited to the principal and interest payments as restructured. |
| Class 5- Gulf County Tax Collector | Impaired | The allowed secured claim of Class 5 creditor; Gulf County Tax Collector On the real property located at 507 Highway 71, Wewahitchka, FL in the approximate amount of $6,388.97 for 2014 real property taxes shall be paid at 18% interest over 60 months in the amount of $162.23 per month commencing thirty days after the effective date of confirmation. |
| Class 6 – Insulation Distributors, Inc. | Impaired | The allowed secured claim of Class 6 creditor; Insulation Distributors, Inc. holds a security interest on the Debtor's inventory, equipment and receivables. The secured claim is in the approximate amount of $11,053.55. The debt is evidenced by a UCC-1 Financing Statement filed with the Secretary of State. The note and security agreement shall be modified to reflect a new note amount in the amount due as of the date of filing which shall be repaid at the rate of $1,000.00 per month in addition to ongoing orders which are COD. Insulation Distributors, Inc. is an essential trade creditor and has agreed to the terms with the Debtor pre-petition in order for the Debtor to continue to be able to purchase product from the vendor. |
| Class 7– Insulation Distributors, Inc. | Unimpaired | The Class 7 creditor holds a mortgage on real property located at 507 Hwy 71, Wewahitchka, FL. The Debtor's mortgage shows a debt of $43,908.69; and is recorded OR 494 PAGE 104, et. sq. of the Public Records of Gulf County, FL. The debt has been paid in full. The note and mortgage held by Insulation Distributors, Inc. shall be cancelled of record by the recording of the Plan of Reorganization and the Order Confirming Plan in the Public Records of Gulf County, FL as the debt has been previously paid in full. |
| Class 8– Insulation Distributors, Inc. | Unimpaired | The Class 8 creditor holds a mortgage on real property located at 507 Hwy 71, Wewahitchka, FL. The Debtor's mortgage shows a debt of $61,689.12; and is recorded OR 520 PAGE 221, et. sq. of the Public Records of Gulf County, FL. The debt has been paid in full. The note and mortgage held by Insulation Distributors, Inc. shall be cancelled of record by the recording of the Plan of Reorganization and the Order Confirming Plan in the Public Records of Gulf County, FL as the debt has been previously paid in full. |

| | | |
|---|---|---|
| Class 9 – On Deck | Impaired | The allowed secured claim of Class 9 creditor; On Deck, holds a security interest on the Debtor's inventory, equipment and receivables. The secured claim is in the approximate amount of $22,147.90. The debt is evidenced by a UCC-1 Financing Statement filed with the Secretary of State. The account shall be evidenced by a new note in the amount of $22,147.90 which shall be repaid at 5.25% interest over a term of 5 years commencing on the effective date of confirmation with payments of principal and interest commencing 30 days thereafter in the amount of $420.50 per month or commencing upon the commencement of adequate protection payments. All adequate protection payments shall be credited to the principal and interest payments as restructured. |
| Class 10 – Wayne Dalton, a Division of Overhead Door Corporation | Impaired | The allowed secured claim of Class 10 creditor, Wayne Dalton which holds a purchase money security interest in inventory and goods purchased within 60 days of filing shall remain unimpaired as an essential trade creditor. The claim is approximately $17,933.58 which shall be paid in the ordinary course of business at the rate of $2,500.00 per month pursuant to a pre-petition agreement in order to allow the Debtor to continue to purchase goods and materials. Payments are applied to past due invoices first and then to present COD purchases. Interest is waived as long as the Debtor remains in good standing. |
| Class 11 – ThermaSeal, USA | Unimpaired | ThermaSeal, USA has an ongoing open account in which the Debtor purchases spray foam insulation on a weekly basis and pays for same weekly in the ordinary course of business. |
| Class 12 - General Unsecured Creditors (less than $2,000.00) | Impaired | Allowed unsecured claims of **less than $2,0000.00 according to the attached payment schedule** shall be paid in full within thirty (30) days after the effective date of the Plan for administrative convenience. |
| Class 13 - General Unsecured Creditors (more than $2,000.00) | Impaired | General unsecured creditors shall be paid on a pro rata basis according to the attached schedule from net disposable income during the term of the Plan. |
| Class 14 – Chaka Monchere Dixon, individually and as next friend of Xzavier Latrez Dixon, a minor and Xanlyah Cereniti Tru Dixon, a minor | Impaired | The Debtor's insurance carrier is defending the action brought be the Class 14 creditors; the stay will be lifted to allow the insurance company to defend the claim; in the event of any recovery in excess of policy limits; the claim, if allowed, will be treated as a Class 13 unsecured claim. |

| and Jaketra Bonner, individually and as mother and next friend of Ny'gel Jarreall Malichi, a minor. | | |
|---|---|---|

## ARTICLE V
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01   Disputed Claim. A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.02   Delay of Distribution on a Disputed Claim. No distribution will be made on account of a disputed claim unless such claim is allowed by a non-appealable order. The Bay County Tax Collector has a disputed claim as noted in Class 12, above.

5.03   Settlement of Disputed Claims. The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

5.04   Objections to all claims which are disputed have been filed or will be filed prior to hearing on the Disclosure Statement.

## ARTICLE VI
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.01   Assumed Executory Contracts and Unexpired Leases.

The Debtor assumes all executory contracts unless rejected by Court order prior to Confirmation hearing.

## ARTICLE VII
## MEANS FOR IMPLEMENTATION OF THE PLAN

7.01   The Debtor shall fund the Plan from the normal operation of the Debtor's business.

7.02   The officers and directors of the Debtor will remain the same as previously outlined in the Disclosure Statement.

## ARTICLE VIII
## GENERAL PROVISIONS

8.01 Definitions and Rules of Construction. The definitions and rules of construction set forth in §§101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions:

8.02 Effective Date of Plan. The effective date of this Plan is thirty days following the date of the entry of the order of confirmation providing no appeal is pending. But if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

8.03 Severability. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

8.04 Binding Effect. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

8.05 Captions. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

8.06 Controlling Effect. Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Florida govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

## ARTICLE IX
## COMPROMISE, RELEASE, INDEMNIFICATION, ABANDONMENT AND SETTLEMENT OF CLAIMS

9.01. *Compromise, Settlement and/or Discharge.* Upon substantial completion of payments under the Plan, the Debtors shall be discharged as provided by Chapter 11 of Title 11 of the United States Bankruptcy Code.

(a) *Scope.* Except as otherwise provided in the Plan or Confirmation Order, in accordance with section 1141(d)(1) of the Bankruptcy Code, entry of the Confirmation Order acts as a full compromise, release and settlement, effective as the Effective date, of all claims including claims arising from the surrender of real property in satisfaction of the allowed secured claims on investment property. The compromise, release, and settlement of all claims against the Debtor as included within the Chapter 11 Plan, shall be effective as to each Claim against the Debtor regardless of whether a proof of claim there for was filed, whether the Claim is an Allowed Claim, whether the Claim has been asserted, or whether the holder thereof votes to accept the Plan. On the Effective Date, as to every compromised, settled, or discharged Claim, any holder of such Claim shall be precluded from asserting such Claim against the Debtor or the Reorganized Debtor's assets or properties, or any third party contracting pre-petition or post-petition with the Debtor, or any other or further Claim based upon any document,

instrument, act, omission, transaction or other activity of any kind or nature relating to any Claim against the Debtor for deficiency from the liquidation of any real property.

**(b) *Injunction.* In accordance with sections 105, 524 and 1141 of the Bankruptcy Code, the compromise and settlement and/or discharge provided by this section and by the Confirmation Order, *inter alia*, acts as an injunction against the commencement or continuation of any action, employment of process or act to collect, offset or recover the Claims discharged hereby and shall further act as a permanent injunction against any claimant from commencing or continuing any civil, administrative or other action against the Debtor, any officer, agent, or employee of the Debtor for acts as an officer or director of the Debtor and for all personal guarantees signed by <u>Jesus Antonio Muina</u>, principal of the Debtor.**

(c) *Satisfaction of Claims and Interests.* The treatment to be provided for respective Allowed Claims or Interests pursuant to the Plan shall be in full satisfaction, settlement, release and discharge of such respective Claims or Interests.

## ARTICLE X
## MISCELLANEOUS PROVISIONS

10.01 The Court shall retain jurisdiction until the estate is closed or this case is dismissed to hear and resolve all disputes between the Debtor and any creditor, including but not limited to disputes as to validity, amount and classification of any claim and disputes with creditors who are being paid directly within this Plan.

10.02 Possession of the Debtor's property shall remain with the Debtor and except as provided in this Plan, title to Debtors' property shall vest in the Debtor upon confirmation of a Plan free and clear of all liens and encumbrances except as otherwise provided for herein.

10.03 Substantial Completion of the Plan. Substantial completion of the Plan shall occur after the effective date of confirmation and upon the Debtor executing notes with creditors provided for under the Plan and commencing payment thereon.

10.04 Anything herein to the contrary notwithstanding, the Debtor does not, by filing this Plan or seeking confirmation, waive its right to request that this case be dismissed at any time prior to or after confirmation, and the Debtor specifically reserves such right.

10.05 *Treatment of Nonaccepting Classes*

Even if one or more impaired classes reject the Plan, the Court may nonetheless confirm the Plan if the nonaccepting classes are treated in the manner prescribed by § 1129(b) of the Code. A plan that binds nonaccepting classes is commonly referred to as a "cram down" plan. The Code allows the Plan to bind nonaccepting classes of claims or equity interests if it meets all the requirements for consensual confirmation except the voting requirements of § 1129(a)(8) of the Code, does not "discriminate unfairly," and is "fair and equitable" toward each impaired class that has not voted to accept the Plan.

In the event a class does not accept the Plan, the Debtor intends to proceed with cram down at the confirmation hearing.

Respectfully submitted on the _30___ day of December, 2014.

TIFCO ENTERPRISES, INC

By: /s/Jesus Antonio Muina, President

**Jesus Antonio Muina, President**
The Plan Proponent


By: /s/Charles M. Wynn

**Charles M. Wynn**
Charles M. Wynn Law Offices, P.A.
PO Box 146
Marianna, FL  32447
(850) 526-3520
FL Bar No.  0241695
Attorney for the Plan Proponent
Court@Wynnlaw-fl.com

TIFCO ENTERPRISES

Proposed Payment Schedule

| Class # | Secured Creditors | Claim Amount | Monthly Payment | Interest | Term |
|---|---|---|---|---|---|
| 2 | Ameris Bank formerly Prosperity Bank | $ 299,169.76 | $ 2,015.94 | 5.25% | 20 years |
| 4 | Apalachee Regional Planning Council | $ 73,074.53 | $ 1,185.35 | 5.25% | 6 years |
| 3 | Ameris Bank - Line of Credit | $ 25,000.00 | $ 268.23 | 5.25% | 20 years |
| 5 | Gulf County Tax Collector | $ 6,388.97 | $ 162.23 | 18.00% | 60 months |
| 9 | OnDeck - UCC | $ 22,147.90 | $ 420.50 | 5.25% | 60 months |
|   | TOTAL | $ 425,781.16 | $ 4,052.25 |   |   |

| Class # | Unsecured Creditors | Claim Amount | pro rata share | Monies Available | Month 1-7 | Monies Available | Month 8 | Monies Available | Months 9-11 |
|---|---|---|---|---|---|---|---|---|---|
|   | American Express | $ 26,080.69 | 4.91% | $ - | $ - | $ 2,066.42 | $ 101.52 | $ 2,500.00 | $ 122.83 |
|   | Bank of America | $ 5,173.25 | 0.97% | $ - | $ - | $ 2,066.42 | $ 20.14 | $ 2,500.00 | $ 24.36 |
|   | Corporation Service Company | representative for OnDeck | | $ - | $ - | $ - | | | |
|   | Demilec USA | $ 13,913.29 | 2.62% | $ - | $ - | $ 2,066.42 | $ 54.16 | $ 2,500.00 | $ 65.53 |
|   | GACO Western | $ 240,230.42 | 45.26% | $ - | $ - | $ 2,066.42 | $ 935.20 | $ 2,500.00 | $ 1,131.43 |
|   | Hanson Directory Services | $ 8,353.51 | 1.57% | $ - | $ - | $ 2,066.42 | $ 32.52 | $ 2,500.00 | $ 39.34 |
|   | Icynene | $ 97,790.00 | 18.42% | $ - | $ - | $ 2,066.42 | $ 380.69 | $ 2,500.00 | $ 460.57 |
|   | LaPolla | $ 118,321.56 | 22.29% | $ - | $ - | $ 2,066.42 | $ 460.62 | $ 2,500.00 | $ 557.27 |
|   | Sherwin | $ 13,905.86 | 2.62% | $ - | $ - | $ 2,066.42 | $ 54.13 | $ 2,500.00 | $ 65.49 |
|   | Southern Ideal Doors | $ 7,043.43 | 1.33% | $ - | $ - | $ 2,066.42 | $ 27.42 | $ 2,500.00 | $ 33.17 |
|   | TOTAL | $ 530,812.01 | 100.00% | | | | $ 2,066.41 | | $ 2,499.99 |

TO BE PAID PURSUANT TO AGREEMENT IF ORDER ENTERED BY COURT

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 6 | Insulation Distributors, Inc - 12 months | $ 11,053.55 | | $ 1,000.00 | $ 1,000.00 | | $ 1,000.00 | $ 1,000.00 |
| 10 | Wayne Dalton - 7 months | $ 17,933.58 | | $ 2,500.00 | $ 2,500.00 | | $ 433.58 | $ - |

TO BE PAID IN FULL UPON CONFIRMATION

| | | |
|---|---|---|
| GB Collects, LLC for RSUI Group, INC | $ | 500.00 |
| Pitney Bowes | $ | 1,073.15 |
| Strategic Value Media | $ | 350.00 |
| TOTAL | $ | 1,923.15 |

| Monies Available | Month 12 | Monies Available | Months 13-60 | Total Payments to Creditor |
|---|---|---|---|---|
| $ 3,446.45 | $ 169.32 | $ 3,500.00 | $ 171.96 | $ 8,106.87 |
| $ 3,446.45 | $ 33.59 | $ 3,500.00 | $ 34.11 | $ 1,614.20 |
| $ 3,446.45 | $ 90.33 | $ 3,500.00 | $ 91.74 | $ 4,322.47 |
| $ 3,446.45 | $ 1,559.76 | $ 3,500.00 | $ 1,584.00 | $ 74,701.62 |
| $ 3,446.45 | $ 54.24 | $ 3,500.00 | $ 55.08 | $ 2,600.65 |
| $ 3,446.45 | $ 634.93 | $ 3,500.00 | $ 644.80 | $ 30,418.71 |
| $ 3,446.45 | $ 768.24 | $ 3,500.00 | $ 780.17 | $ 36,803.78 |
| $ 3,446.45 | $ 90.29 | $ 3,500.00 | $ 91.69 | $ 4,322.47 |
| $ 3,446.45 | $ 45.73 | $ 3,500.00 | $ 46.44 | $ 2,188.14 |
| | $ 3,446.43 | | $ 3,499.98 | |
| | $ 53.55 | | $ - | $ 12,710.78 |
| | $ - | | $ - | $ 17,933.58 |
| | | | | $ 195,723.27 |